IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| COASTAL JERSEY HOLDINGS, LLC,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>JAMES GIORDANO and DENNIS MIHALATOS,<br><br>　　　　Defendants. | Case No. 1:22-cv-02024<br><br>CIVIL ACTION<br><br>COMPLAINT |

Plaintiff, Coastal Jersey Holdings, LLC ("Coastal" or "Plaintiff"), by and through its undersigned counsel, Archer & Greiner, P.C., hereby files this Complaint against Defendants, James Giordano ("Giordano") and Dennis Mihalatos ("Mihalatos") (collectively, "Defendants"), and in support thereof avers as follows:

## THE PARTIES

1.　Coastal is a New Jersey limited liability company and resident of Maryland, with its member's principal place of business located at 672 Old Mill Road Pmb #311, Millersville, Maryland 21108. The sole member of Coastal is TAN Resort Management, LLC, a Maryland limited liability company with a principal place of business located at 672 Old Mill Road, PMB #311, Millersville, Maryland 21108. The sole member of TAN Resort Management, LLC is BC Property Holdings, LLC, a Maryland limited liability company with a principal place of business located at 1406 Crain Highway South, Suite 100, Glen Burnie, Maryland 21061. The Managing Member of BC Property Holdings, LLC is Bradley S. Callahan, a resident of Maryland with an address of 702 White Swan Drive, Arnold, Maryland 21012.

2. Coastal is the owner of real property located at 109 S. Surrey Avenue, Ventnor City, New Jersey 08406 (the "Property").

3. Upon information and belief, Giordano is a resident of New Jersey and has an address of 648 Tabernacle Rd., Medford, New Jersey 08055.

4. Upon information and belief, Mihalatos is a resident of New York and has an address of 7 Dicks Ln, Roslyn, New York 11576.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is invoked pursuant to 23 U.S.C. § 1332(a), as the parties are citizens of different states and the amount in controversy, exclusive of interest and costs, is in excess of $75,000.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because the Property is situated within this District.

## FACTUAL BACKGROUND

**Letter of Intent**

7. On October 4, 2021, Plaintiff and Defendants entered into a Letter of Intent for the sale of the Property by Plaintiff to Defendants (the "Sale").

8. The Letter of Intent set forth initial basic terms pursuant to which Defendants were to proceed to acquire the Property from Plaintiff.

9. The Letter of Intent understood that the specific nature and details of the Sale would be incorporated into an Agreement of Sale.

10. The Letter of Intent provided for an acquisition price for the Sale of $1,250,000.

11. The Letter of Intent provided for a Due Diligence Period of 45 days with an automatic 30-day extension at Defendants' discretion.

12. The Letter of Intent stated that Defendants "shall determine during the Due Diligence Period whether or not to proceed with the purchase of the Property," and that "[i]f [Defendants] elect to proceed with the purchase of the Property , [sic] they must give [Plaintiff] notice of the same and a final Agreement of Sale, incorporating more fully all of the terms and conditions of the sale, will be prepared."

13. The Letter of Intent established that, from October 4, 2021 until the conclusion of the Due Diligence Period, Plaintiff was not permitted to "directly or indirectly solicit, negotiate, initiate or engage in discussions with any other party" relating to the sale of the Property to another party.

**Purchase and Sale Agreement**

14. Before the Due Diligence Period established by the Letter of Intent had concluded, Plaintiff and Defendants entered into a Purchase and Sale Agreement for the Property on October 28, 2021.

15. The purchase price for the Property remained $1,250,000.

16. Once the Purchase and Sale Agreement was fully signed on October 28, 2021, Defendants were required to "immediately deposit the sum of One-Hundred and Twenty-Five Thousand Dollars ($125,000.00) (the 'Deposit') with Surety Title ('Escrow Account') in a non-interest bearing account."

17. Defendants were to pay the balance of the $1,125,000 at the closing of the Sale.

18. Defendants represented that they had "sufficient funds, together with their financing, if necessary, to pay the full Purchase Price to [Plaintiff] for the Property at Closing."

19. The Due Diligence Period of the Purchase and Sale Agreement was 45 days from October 28, 2021 (the "Due Diligence Period").

20. Defendants were also permitted an additional 30 days for an extended Due Diligence Period, and the parties agreed to that additional 30 days via an Amendment to Purchase and Sell Agreement, whereby the "Due Diligence Period, as set forth within Section 4(e) of Agreement shall be amended and restated so that the Due Diligence Period shall be extended until 11:59PM on January 16, 2022."

21. The Amendment to Purchase and Sell Agreement also amended, restated, and clarified the closing date was 30 days following January 16, 2022. Accordingly, the closing was scheduled for February 15, 2022.

22. As done in the Letter of Intent, Plaintiff agreed to "not, through any of its representatives, directly or indirectly, solicit, negotiate, initiate or engage in discussions with any other party or business entity (other than [Defendants]) relating to the sale of the Property."

23. In other words, from the date of the Letter of Intent – October 4, 2021 – until February 15, 2022, Plaintiff was contractually prohibited from soliciting other parties to purchase the Property.

24. The closing date was made "of the essence to [the] Agreement."

25. In addition, the Purchase and Sale Agreement mandated that "[t]ime is of the essence in the performance of and compliance with each of the provisions and conditions of this Agreement."

26. Defendants failed to close the Sale on February 15, 2022.

27. Defendants did not provide timely written notice of termination.

28. Defendants failed to deposit the $125,000 with Surety Title.

29. Defendants defaulted when they failed to close the Sale on the date provided for in the Amendment to Purchase and Sell Agreement.

30. Defendants' default has consequences under the Purchase and Sale Agreement: "In the event [Defendants] default[] in performance under this Agreement, then the [$125,000] Deposit shall be forthwith paid to and retained by [Plaintiff] as liquidated damages and shall be [Plaintiff's] sole remedy at law or in equity."

31. The Purchase and Sale Agreement continued: "The parties hereto expressly agree and acknowledge that [Plaintiff's] actual damages in the event of default by [Defendants] would be extremely difficult or impracticable to ascertain and that the amount of liquidated damages provided herein is reasonable in light of anticipated loss caused by such a default and the difficulties of proof of loss."

32. The language of the Purchase and Sale Agreement "shall be in all cases construed simply according to its fair meaning and not strictly for or against any of the parties hereto for any reason, . . . it being recognized that both [Plaintiff] and [Defendants] have contributed materially and substantially to the preparation of this Agreement."

33. On March 1, 2022, Plaintiff wrote to Defendants with notice that Defendants had defaulted under the Purchase and Sale Agreement.

34. Defendants have failed to pay Plaintiff the $125,000 liquidated damages.

35. The Purchase and Sale Agreement is "governed by and construed in accordance with the laws of the State of New Jersey."

## FIRST COUNT
### (Breach of Contract)

36. Plaintiff repeats and incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

37. Plaintiff and Defendants entered into a Purchase and Sale Agreement for the Property on October 28, 2021, and an Amendment to Purchase and Sell Agreement in December 2021.

38. By virtue of their actions and failures, including but not limited to those set forth herein, Defendants have breached the terms and provisions of the Purchase and Sale Agreement and the Amendment to Purchase and Sell Agreement and their duties thereunder.

39. Defendants continue to be in breach of the Purchase and Sale Agreement and Amendment to Purchase and Sell Agreement by refusing and/or failing to abide by its terms and provisions and their duties thereunder.

40. Plaintiff has performed all obligations required of it under the Purchase and Sale Agreement and Amendment to Purchase and Sell Agreement.

41. As a direct and proximate result of Defendants' breaches of the Purchase and Sale Agreement and Amendment to Purchase and Sell Agreement, Plaintiff has sustained, and will continue to sustain, damages in an amount in excess of this Court's jurisdictional limits.

**WHEREFORE,** Plaintiff demands judgment against Defendants for:

- liquidated damages;
- compensatory and consequential damages;
- pre-judgment and post-judgment interest;
- attorneys' fees, expenses and costs; and
- such other and further relief as the Court may deem just and proper.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Date: April 7, 2022 | By: *s/ Josiah Contarino*<br>TREVOR J. COONEY<br>JOSIAH CONTARINO<br>Archer & Greiner, P.C.<br>1025 Laurel Oak Road<br>Voorhees, NJ 08043<br>tcooney@archerlaw.com<br>jcontarino@archerlaw.com<br><br>Attorneys for Plaintiff |

223784283v4