**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| COASTAL JERSEY HOLDINGS, LLC, | 1:22-cv-02024-NLH-EAP |
| Plaintiff, | **ORDER** |
| v. | |
| JAMES GIORDANO and DENNIS MIHALATOS | |
| Defendants. | |

**HILLMAN**, District Judge

WHEREAS, Plaintiff Coastal Jersey Holdings, LLC ("Plaintiff") and Defendants Dennis Mihalatos and James Giordano (collectively "Defendants") entered into a purchase and sale agreement ("PSA") for real property located in Ventnor City, New Jersey on October 28, 2021, (ECF 34-7); and

WHEREAS, pursuant to the PSA, Defendants were to place a deposit of $125,000 in a non-interest-bearing account and, upon breach by Defendants, the deposit was to be paid to and retained by Plaintiff as its "sole remedy at law or in equity," (id. at 4, 16); and

WHEREAS, following a later-executed amendment, closing was scheduled for February 15, 2022, (ECF 34-9); and

WHEREAS, closing did not occur on February 15, 2022, Plaintiff's counsel declared Defendants to be in default, (ECF

34-20; ECF 34-23), and on February 25, 2022 Defendants' counsel notified Plaintiff's counsel that Defendants did not intend to move forward with the purchase of the property, (ECF 34-24); and

WHEREAS, Plaintiff filed suit alleging a single count for breach of contract, (ECF 1; ECF 15), to which Defendants asserted counterclaims, (ECF 7 at 6-7); and

WHEREAS, the parties later filed competing motions for summary judgment, (ECF 34; ECF 38); and

WHEREAS, in a November 14, 2023 opinion and order, the Court granted Plaintiff's motion for summary judgment, denied Defendants', and provided Plaintiff thirty days to detail its purported entitlement to interest, (ECF 40; ECF 41); and

WHEREAS, Plaintiff timely filed a letter brief seeking an additional $547.82 in prejudgment interest for a total judgment of $125,547.82, (ECF 42); and

WHEREAS, the Court thereafter entered an order providing Defendants ten days to show cause why judgment including prejudgment interest should not be entered against them, (ECF 43), to which Defendants have not responded; and

WHEREAS, "[t]he availability of prejudgment interest on state-law claims is governed by state law . . . ," Nance v. City of Newark, 501 F. App'x 123, 129 n.5 (3d Cir. 2012); and

WHEREAS, prejudgment interest may be applied to liquidated or unliquidated damages, Travelodge Hotels, Inc. v. LHS

2

Pensacola 5, Inc., No. 13-4258, 2015 WL 3385620, at *5 (D.N.J. May 26, 2015) (citing Busik v. Levine, 307 A.2d 571 (N.J. 1973)); and

WHEREAS, New Jersey Rule of Court 4:42-11 – cited in Plaintiff's brief – does not expressly provide for prejudgment interest for breach-of-contract claims, but rather "[t]he allowance of prejudgment interest is a matter of discretion for the trial court," see Specialty Rx Inc. v. Boonton Care Ctr., LLC, No. 20-18665, 2021 WL 1827270, at *3 (D.N.J. May 7, 2021) (quoting Cnty. of Essex v. First Union Nat'l Bank, 891 A.2d 600, 608 (N.J. 2006)); and

WHEREAS, "the 'primary consideration in awarding prejudgment interest is that the defendant has had the use, and the plaintiff has not, of the amount in question'" and courts generally use the rate set forth in New Jersey Rule of Court 4:42-11 to calculate prejudgment interest absent unusual circumstances, Miller v. Butler, No. 1:12-cv-01004, 2014 WL 585409, at *8 (D.N.J. Feb. 14, 2014) (quoting Litton Indus. v. IMO Indus., Inc., 982 A.2d 420, 430 (N.J. 2009)); and

WHEREAS, interest calculated pursuant to New Jersey Rule of Court 4:42-11 does so at "the average rate of return, to the nearest whole or one-half percent, for the corresponding preceding fiscal year terminating on June 30, of the State of New Jersey Cash Management Fund" – at minimum 0.25 percent –

3

with a two-percent per-annum increase for judgments exceeding the $20,000 monetary limit of the Special Civil Part, see N.J. Ct. R. 4:42-11(a)(ii)-(iii); see also N.J. Ct. R. 6:1-2(a)(1)(stating that matters cognizable in the Special Civil Part include civil actions "seeking legal relief when the amount in controversy does not exceed $20,000"); Adkins v. Sogliuzzo, 820 F. App'x 146, 151-52 (3d Cir. 2020) (finding that the district court properly awarded the increased rate pursuant to New Jersey Rule of Court 4:42-11(a)(iii) because awarded damages totaled $391,040, exceeding the then-$15,000 limit); and

WHEREAS, Plaintiff seeks only prejudgment interest of 0.25 percent pursuant to New Jersey Rule of Court 4:42-11(a)(ii) dating from the agreed-upon closing date of February 15, 2022 to the Court's summary judgment opinion of November 14, 2023, (ECF 42 and 3-4); and

WHEREAS, the Court, recognizing that transfer and retention of the deposit represents Plaintiff's only recourse at law or equity, (ECF 34-7 at 16), and its own discretion to apply equitable principles in awarding prejudgment interest, see Gleason v. Norwest Mortg., Inc., 253 F. App'x 198, 204 (3d Cir. 2007) (noting that awards of prejudgment interest are reviewed for abuse of discretion), concludes that prejudgment interest is warranted from the date of default to the Court's entry of summary judgment based on the Court's summary-judgment decision

4

and Plaintiff's relatively modest, unchallenged request, see DC Plastic Prods. Corp. v. Westchester Surplus Lines Ins. Co., No. 17-13092, 2022 WL 17129205, at *3 (D.N.J. Nov. 22, 2022) (noting that prejudgment interest awards promote two policies, compensating plaintiffs for the delay in receiving funds and promoting settlement by placing the cost of unnecessary delays on defendants); Pharmscript, LLC v. Focus Rehab. and Nursing Ctr. at Utica, No. 21-11047, 2022 WL 714761, at *4 (D.N.J. Mar. 9, 2022) ("The Court has discretion on whether to apply the Judgment Interest Rate and the date on which it accrues.").

**THEREFORE,**

IT IS on this  3rd   day of January, 2024

**ORDERED** that Plaintiff's supplemental brief seeking prejudgment interest, (ECF 42), be, and the same hereby is, **GRANTED**, and it is further

**ORDERED** that the Clerk shall enter Judgment in favor of Plaintiff, and against Defendants, in the amount of $125,547.82, and it is further

**ORDERED** that after Judgment is entered, this matter shall be marked as **CLOSED.**

At Camden, New Jersey

s/ Noel L. Hillman
NOEL L. HILLMAN, U.S.D.J.